**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re RAE MALLORY, ) | Case No. 04-63822 |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| ─────────────────────────── ) | |
| RAE MALLORY, ) | Adv. No. 04-06081A |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIFINANCIAL MORTGAGE ) | |
| COMPANY, NECTAR PROJECTS, INC., as ) | |
| substitute trustee, C.T. WINGFIELD, SPAIN ) | |
| PROPERTIES, L.L.C., and B& H ) | |
| ENTERPRISES, L.L.C. ) | |
| ) | |
| Defendants, ) | |
| ─────────────────────────── ) | |

## MEMORANDUM

This matter comes before the court by way of a complaint and motion for summary judgment filed by Rae Mallory ("the Plaintiff") seeking a declaration that she is the owner of certain real property. She argues that a foreclosure sale conducted by and through some of the defendants during the pendency of a previous case is void because it violated the automatic stay imposed under 11

1

U.S.C. § 362(a).   Judgment shall be entered in favor of the Plaintiff.

## *Facts*

On November 7, 2002, the Plaintiff filed a petition under chapter 13 designated as case no. 02-04482 ("the First Case").  Citifinancial Mortgage Company ("Citifinancial") filed a motion for relief from the stay, seeking authority to bring a foreclosure action against property of the Plaintiff commonly known as 244 Ridgeview Lane, Madison Heights Virginia 24572 ("the Real Property").  The Plaintiff now asserts that she opposed the motion on the grounds that she was not in arrears on her obligation to Citifinancial.

Eventually a consent order ("the Consent Order") was entered which provided that Citifinancial would be granted relief from the automatic stay to foreclose on the Real Property if (1) the Plaintiff failed to make certain payments and (2) notice was given to the Plaintiff, to Plaintiff's counsel, and to the court that Citifinancial intended to conduct a foreclosure sale.  The Consent Order, which was drafted by counsel for Citifinancial, incorrectly described the Real Property as 224 (not 244) Ridgeway (not Ridgeview) Lane, Madison Heights, Virginia 24572.  The Consent Order was signed by counsel for the Plaintiff.[1]

Citifinancial asserted thereafter that the Plaintiff defaulted by failing to make certain payments that became due under the Consent Order.  On or about November 11, 2003, Citifinancial gave notice of the default ("the Notice of Default") to the counsel for the Plaintiff, and to the Plaintiff as required by the Consent Order. Citifinancial also sent a copy of the Notice of Default to the clerk of the bankruptcy court.  Citifinancial mailed the Notice of Default to the

---

[1]   The Plaintiff now asserts that she did not authorize her counsel to sign the Consent Order.  The attorney who signed the Consent Order is not the same attorney who brought this adversary complaint.

2

Plaintiff at the following incorrect address: 224 Ridgeway Lane, Madison Heights, Virginia 24540 (not 24572, as in the Notice of Default). The house number, street name and the ZIP code were all incorrect.

On March 3, 2004, Citifinancial foreclosed on the Real Property. The Plaintiff refused and refuses to vacate the property.

On March 12, 2004, the case was ordered dismissed because the Plaintiff failed to file a confirmable chapter 13 plan. On October 6, 2004, the Plaintiff filed a second chapter 13 petition designated as case no. 04-06081 ("the Instant Case"). On October 22, 2004, the Plaintiff filed the instant complaint seeking a declaration that the foreclosure sale was void because it was in violation of the automatic stay in the First Case. She also filed a motion for summary judgment on that same date.

## *Discussion*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). While this complaint would more properly be brought in the First Case, the Real Property is property of the estate in this case and so the complaint is proper. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (G). Accordingly, this court may render a final judgment.

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court may not try issues of fact on a Rule 56 motion but may only determine whether there are issues to be tried. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d,§ 2712, p. 205-6 (1998) (Citations omitted.). Summary judgment is

3

improper if the existence of material fact issues is uncertain. Id. at 201. In the case at bar, neither party has disputed a factual allegation made by the other nor has either party asserted that there are relevant facts not before the court. Accordingly, the motion will be treated as a motion for summary judgment.

The issue before the court is whether Citifinancial violated the automatic stay imposed by 11 U.S.C. § 362(a) in the First Case by giving insufficient notice to the Plaintiff before foreclosing on the Real Property.

A petition filed under the provisions of the bankruptcy code operates as a stay against certain acts including "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the [bankruptcy] case . . . ". 11 U.S.C. § 362(a)(5). Acts taken in violation of the automatic stay are void. See e.g., In re Lampkin, 116 B.R. 450 (Bankr. D.Md. 1990). If a creditor wishes to move lawfully against property of the debtor, it must either obtain relief from the stay through the court, see 11 U.S.C. § 362(d), or may wait until the stay is vacated by operation of statute, see 11 U.S.C. § 362(c).

The Consent Order granted Citifinancial relief from the automatic stay, but the order was conditioned on certain events, one of which was that Citifinancial give notice to the Plaintiff. Citifinancial's request for relief from the stay was a motion. See Fed. R. Bankr. P. 9014(a). Motions are to be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9014(b). Service under 5(a) may be made by mailing a copy of the pleading or notice to the last known address of the person served.

4

Service by mail is complete on mailing. Fed. R. Civ. Pro. 5(b).

Because the issue concerns the automatic stay and not whether the foreclosure notice was proper under state law, the proper standard of notice is the federal standard. Under federal law, notice must be reasonable calculated under the circumstances to give actual notice. Mullane v. Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The failure of Citifinancial to use the correct address, of which it had knowledge, constitutes a failure to give notice that is reasonably calculated under the circumstances to give actual notice.

Citifinancial mailed the notice to the wrong address, that is, to an address other than the last known address of the Plaintiff. Consequently, service of the Notice of Default was defective and not in compliance with the Consent Order. Because relief from the automatic stay was only granted on the condition that the debtor be properly notified, relief was never granted. Because relief from the stay was not granted before the foreclosure sale, Citifinancial violated the stay when it prosecuted the foreclosure action. The foreclosure sale is therefore void from the beginning. Also see Maryland National Mortgage Corporation v. Burns (In re Burns), 112 B.R. 763 (Bankr. E.D.Va. 1990). (Foreclosure sale held in violation of automatic stay was void, and it would be necessary for trustee to begin a new foreclosure process after receiving relief from stay, even though there was no evidence of any irregularity in foreclosure or that higher bid was likely in second sale.)

Citifinancial argues that the Plaintiff received actual notice of her opportunity to schedule a hearing on the alleged default under the Consent Order. It asserts first that Madison Heights, Virginia, is sufficiently small such that the postmaster "probably is familiar with all residents of the community and mail is sorted and delivered by residents' names rather than addresses". The

5

court disagrees. The Plaintiff's name and home town do not constitute a sufficient address for this court to assume that the notice of default was delivered to the Plaintiff.

Citifinancial also argues that the sender of the notice of default does not remember that it was returned by the post office. No evidence is provided in support of the assertion. The individual sender is not identified. Even if admissible evidence supporting this contention were proffered, this court would grant it very little weight in light of the fact that the address was incorrect in three ways, including the ZIP code which was correct in the Consent Order. Furthermore, if this court were to find that the Notice of Default was not returned to Citifinancial, it would not be dispositive as to whether the presumption of receipt applies. See Ross v. La Rouche Industries, Inc., 307 B.R. 774 (D. Del. 2004). In this case, the fact that the Notice of Default was not returned could be explained in a number of other ways. For example, the notice could have been held by the post office or discarded by the recipient at another address. The presumption of delivery simply does not apply.

Citifinancial also argues that the Defendant had actual notice of the foreclosure prior to the sale. Citifinancial provides no evidence that such is the case. But even if it did provide such evidence, it would avail it nothing. The issue before this court is whether the Plaintiff knew of the Notice of Default in time to schedule a hearing on that notice, not whether the Plaintiff knew of the foreclosure sale in order to contest it on the courthouse steps.

## *Conclusion*

The facts are not in dispute. Citifinancial failed to give proper notice to the Plaintiff as required under the terms of the Consent Order. Relief from the stay was conditioned on such notice. The Plaintiff had no actual notice of the Notice of Default in time to schedule a hearing

thereon. Therefore, Citifinancial was never granted relief from the automatic stay in her bankruptcy case filed with the clerk of this court and designated as case no. 02-04482. Accordingly, the foreclosure sale that was conducted during the pendency of that case was, and is void.

An appropriate order shall issue granting the motion for summary judgment. An appropriate judgment shall issue.

Upon entry of this Memorandum the Clerk shall forward copies to Gary Bowman, Esq., counsel for the plaintiff, Marvin A. Jaffe, Esq., counsel for Citifinancial Mortgage Company and Nectar Projects, Inc., and Richard M. Livingston, Esq., counsel for C. T. Wingfield Spain Properties, L.L.C., and B&H Enterprises, L.L.C.

Entered on this 25th day of January, 2005.

William E. Anderson
United States Bankruptcy Judge